United States District Court
Southern District of Texas
**ENTERED**
December 28, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ALFRED CHARLES MARCIANTE, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:23-cv-00659 |
| | § | |
| KIMCO REALTY CORPORATION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND RECOMMENDATION**

Pending before me is Defendants' Motion to Dismiss for Want of Prosecution. Dkt. 19. For the reasons discussed below, I recommend that the motion be **GRANTED**.

This is a slip-and-fall case. On November 2, 2023, I allowed Plaintiff's counsel to withdraw from representing Plaintiff. *See* Dkt. 18. The reason: Plaintiff's counsel represented that he had, over the course of two to three months, repeatedly made efforts to contact Plaintiff—by phone and at Plaintiff's home address. Those efforts were unsuccessful, and Plaintiff's counsel had no way to communicate with his client. In my November 2, 2023 order permitting Plaintiff's counsel to withdraw, I ordered Plaintiff to provide outstanding discovery responses to Defendants by December 1, 2023. *See id.* at 1. I further set a status conference for December 15, 2023 and ordered the parties to attend. *See id.* A copy of my November 2, 2023 order was mailed to Plaintiff at his last known address.

December 1, 2023 came and went without Plaintiff providing the required discovery responses. Defense counsel appeared for the court-ordered December 15, 2023 status conference, but Plaintiff was nowhere to be found.

Federal Rule of Civil Procedure Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). "This

authority is based on the 'courts' power to manage and administer their own affairs to ensure the orderly and expeditious disposition of cases.'" *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).

Plaintiff has taken no action to move this case along to its completion. Plaintiff has also failed to comply with my order instructing him to both provide discovery responses and appear for a status conference. Given Plaintiff's apparent lack of interest in this matter, I conclude that he has no intention of pursuing this action. As a result, I recommend that this case be **DISMISSED WITHOUT PREJUDICE** under Rule 41(b) for failure to prosecute or follow orders of the court.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 28th day of December 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE